[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10099
Non-Argument Calendar
_____

D.C. Docket No. 7:11-cr-00032-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LOPEZ-CHANG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 27, 2012)

Before BARKETT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Lopez-Chang appeals his 41-month sentence after he plead guilty to the

charge of re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2). Lopez-Chang's total offense level was 21 which, combined with his criminal history of category II, yielded an advisory guideline of 41 to 51 months.   Despite the fact that the district court imposed a sentence at the bottom of the advisory guideline, Lopez-Chang argues that his sentence was procedurally and substantively unreasonable under Gall v. United States, 552 U.S. 38, 51 (2007).   We review a sentence for reasonableness under an abuse of discretion standard. Gall, 552 U.S. at 41.

Lopez-Chang argues that his sentence was procedurally unreasonable under 18 U.S.C. § 3553(a) because the court failed to consider the sentencing factors enumerated therein.[1]   In particular, Lopez-Chang argues that the district court erred when it failed to consider the mitigating evidence presented by his defense counsel.[2] The government argues that the district court need only acknowledge that it considered the defendant's arguments and the § 3553(a) factors. See United States v.

---

[1]See Gall, 552 U.S. at 51 (providing examples of procedural error that could render a sentence unreasonable which include "failing to calculate (or improperly calculating) the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviations from the Guidelines range.")

[2] The mitigating evidence presented by Lopez-Chang's defense counsel included an assertion that he had not been convicted of any new crimes since illegally re-entering the United States with the traffic stop that brought him to the attention of authorities being his only run-in with law enforcement.

Talley, 431 F.3d 784, 786 (11th Cir. 2005).   Failure to discuss mitigating evidence does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007).   Although the district court did not specifically mention the mitigating evidence presented by Lopez-Chang's counsel, it stated that it had considered the § 3553(a) factors in reaching its decision.   Accordingly, we cannot say that the district court's decision was procedurally unreasonable.

Lopez-Chang also argues that his sentence was substantively unreasonable. He notes that a district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including reflection of the seriousness of the offense, deterrence of criminal conduct, and protection of the public.   In determining whether a sentencing decision was substantively unreasonable, this court considers the totality of the circumstances. Gall, 552 U.S. at 51; United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008).   A sentence that is within the guidelines range is normally considered substantively reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).   We will reverse only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

3

sentences dictated by the facts of the case." <u>United States v. Pugh</u>, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).   In this case, Lopez-Chang was assigned a sentence of 41 months, which was the lowest choice in the applicable guidelines range.   Finding nothing in the record that evidences the existence of a mitigating factor which would allow this court to conclude that the district court erred in not making a downward departure under § 3553(b)(1) from the range indicated in the sentencing guidelines, we conclude that Lopez-Chang's sentence was also substantively reasonable.

   **AFFIRMED.**